### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE K. JONES, | ) |
| | ) |
| | ) CIVIL ACTION NO. _____ |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) |
| | ) |
| DOLLAR GENERAL CORPORATION, | ) |
| and DOLGENCORP, LLC, | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| DEFENDANTS. | ) |

## COMPLAINT

AND NOW COMES, the plaintiff, Catherine K. Jones, by and through her attorneys, Lawrence D. Kerr, Esq., and Tremba, Kinney, Greiner & Kerr, LLC, and files the within Complaint averring as follows:

## I. INTRODUCTION

1.   This action is brought under Title VII of the Civil Rights Act [42 U.S.C. §§ 2000e et seq.] ("Title VII") and the Pennsylvania Human Relations Act [43 P.S. §§ 955 et seq.] ("PHRA").  In violation of Title VII and the PHRA, plaintiff alleges that defendants discriminated against her on the basis of sex by not hiring her because she was pregnant.

1

## II. JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1367.  This Court has federal question jurisdiction because the alleged violations of Title VII arise under the laws of the United States.  28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the alleged violations of the PHRA under Pennsylvania law.  28 U.S.C. § 1367.

3.   This Court has personal jurisdiction over the defendants because their contacts with this Commonwealth and this judicial district are sufficient to meet the minimum requirements necessary to satisfy the notions of fair play and justice established by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4.   Venue is properly set in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391.  The causes of action alleged arise from events occurring in this judicial district, Pittsburgh Division.  The defendants regularly conduct business in this judicial district.

### III. PARTIES

5.     Plaintiff Catherine K. Jones ("plaintiff") is an adult individual residing at 84 Chestnut Street, P.O. Box #2, Coral, Indiana County, Pennsylvania 15731.

6.     Defendants are Dollar General Corporation and its wholly owned subsidiary Dolgencorp LLC (collectively "Dollar General").  Dollar General Corporation is a Tennessee corporation.  Dolgencorp LLC is a Kentucky corporation.  Their headquarters is located at 1000 Mission Ridge, Goodlettsville, Tennessee 37072.

### IV. FACTUAL BACKGROUND

7.     The averments of paragraphs 1 through 6 are incorporated.

8.     Dollar General is a United States retail chain operating over 12,300 stores and managing over 109,000 employees as of October 2015 according to its website www.dollargeneral.com.

9.     Dollar General offers a variety of both name brand and generic merchandise, including home cleaning supplies, health and beauty aids, food, pet food and supplies, house wares, gardening tools and products, toys, and men and women's apparel.

10.   The events giving rise to this suit occurred at Dollar General store #4419 at 110 South Main Street, Homer City, Indiana County, Pennsylvania.

3

11.   At the time of the events giving rise to this suit, plaintiff resided in Homer City, approximately one mile from store #4419.

12.   Plaintiff was born on May 9, 1996.

13.   Plaintiff became pregnant with her first child in August 2014.  She was eighteen years old.

14.   Plaintiff gave birth to her son in 2015.

15.   On or about November 19, 2014, plaintiff was three months pregnant; she needed a job.  She submitted an online employment application to Dollar General store #4419 for a part-time sales associate position.

16.   On or about December 1, 2014, the assistant store manager, Katie Boyle, interviewed plaintiff for the sales associate position.  At that time, Ms. Boyle was the acting store manager.

17.   As acting store manager, Ms. Boyle was actively involved in the decision-making process for interviewing and hiring new employees.

18.   During the interview, plaintiff told Ms. Boyle that she was pregnant.  Plaintiff assured Ms. Boyle that she would be able to perform the required job duties.

19.   At the end of the interview, Ms. Boyle told plaintiff she would send paperwork to her which needed to be completed before she could begin working.

4

20.   After a few days, plaintiff had not received any paperwork.  She called Ms. Boyle to find out why it had not been sent.  A store employee told plaintiff that Ms. Boyle was not there and that the employee would pass along plaintiff's message.

21.   Sometime after this telephone call, plaintiff received an e-mail from Dollar General which included the paperwork. Plaintiff completed it and sent it back.

22.   On or about December 9, 2015, Ms. Boyle called her and told her to bring her social security card and driver's license to the store so that the store would have the required employment documents completed.

23.   Plaintiff arrived the same day with her identification documents in hand.

24.   Ms. Boyle asked her to come to the back of the store to talk.

25.   Ms. Boyle told plaintiff that she did not think plaintiff would be able to perform her job duties because she was pregnant.

26.   Ms. Boyle told plaintiff that the store's district manager said he or she was "leery about hiring pregnant workers."

27.   Ms. Boyle told her she would not be allowed to sit on a stool while she worked at the cash register.

28.   Ms. Boyle showed her boxes that she would have to move as a part of her job.  Ms. Boyle said she did not think plaintiff would be able to move them because she was pregnant.

29.   Plaintiff emphatically assured Ms. Boyle that she would be able to perform all of those tasks.

30.   Plaintiff told Ms. Boyle that her pregnancy did not prevent her from working.

31.   Desperate, plaintiff picked up boxes and told Ms. Boyle that she would be able to do this type of work.

32.   Ms. Boyle told plaintiff that she had experienced complications with her own pregnancy and did not want the same thing to happen to plaintiff.

33.   Ms. Boyle told plaintiff that she would not hire her.

34.   Dollar General ultimately hired Ms. Alyssa Rodgers and Mr. Andy Joseph for the sales position.

35.   To the best of plaintiff's knowledge, Ms. Rogers was not pregnant.

36.   At the end of December 2015, plaintiff's friend, Christina Crock, went to store #4419 to ask Ms. Boyle why plaintiff was not hired.

37.   Ms. Boyle said that her district manager advised her not to hire plaintiff because she was pregnant.

6

38.   On January 8, 2015, plaintiff filed an EEOC charge of discrimination on the basis of sex.  The charge was dual filed the Pennsylvania Human Rights Commission.

39.   On October 18, 2015, plaintiff received an EEOC right to sue letter.

### V.  COUNT I

### TITLE VII — GENDER DISCRIMINATION

40.   The averments of paragraphs 1 through 39 are incorporated.

41.   Dollar General has over 109,000 employees, thus it is an employer covered under Title VII.

42.   The acting store manager and district manager were agents of Dollar General.

43.   Plaintiff is a member of a protected class under Title VII because she is a woman who was pregnant at the time of the adverse employment action.

44.   Plaintiff was qualified for the position of a sales associate.

45.   Plaintiff applied for an open sales associate position.

46.   Dollar General's acting store manager told plaintiff that she could not hire her because she could not perform the job duties because she was pregnant.

47. Plaintiff was not hired for the sales associate position because she was pregnant.

48. Dollar General hired two persons outside of plaintiff's protected class of pregnancy.

49. Plaintiff suffered severe emotional distress because of her struggle to find employment while she was pregnant.

50. Dollar General's adverse employment action was taken because plaintiff was pregnant; this violates her federally protected rights.

51. Dollar General's actions were intentional, outrageous, wanton, and malicious so as to justify an award of punitive damages.

**WHEREFORE**, plaintiff is entitled to affirmative relief as is appropriate under 42 U.S.C. § 2000e-5(g), including but not limited to back pay, front pay, pre and post judgment interest, compensatory damages, punitive damages, reasonable attorney's fees and costs, and other legal and equitable relief this Court deems appropriate.

## VI. COUNT II
### PHRA – GENDER DISCRIMINATION

52. The averments of paragraphs 1 through 51 are incorporated.

53.  Claims arising under the PHRA are governed by the same legal standard as that applied to Title VII.  *Lepore v. LanVision Sys., Inc.*, 113 Fed. Appx. 449, 452 (3d Cir. 2004).

54.  Plaintiff's claims alleged under Title VII are similarly alleged under the PHRA.

**WHEREFORE**, plaintiff is entitled to affirmative relief in the form of compensatory damages, interest, attorney fees and costs, and other legal and equitable relief this Court deems appropriate.


Respectfully submitted,

TREMBA, KINNEY, GREINER & KERR, LLC


Date: ___1/13/16___     By: /s/ Lawrence D. Kerr, Esq.___
                            Lawrence D. Kerr, Esq.
                            PA. ID. #58635
                            Attorney for Plaintiff
                            302 West Otterman Street
                            Greensburg, PA 15601
                            724-838-7600